UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD ROBERTS,

    Plaintiff,

v.

STELLAR RECOVERY, INC.,

    Defendant.
_____/

COMPLAINT

**I.    Introduction**

1.  This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.  Parties**

3.  Plaintiff Donald Roberts is an adult, natural person residing in Kalamazoo County, Michigan.  Mr. Roberts is a "consumer" and "person" as the terms are defined and used in the FDCPA.  Mr. Roberts is a "consumer," "debtor" and "person" as the terms are defined and

1

used in the MOC.

4.      Defendant Stellar Recovery, Inc. ("Stellar") is a Florida corporation.  The registered agent for Stellar in Michigan is Business Filings Incorporated, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.  Stellar uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Stellar regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Stellar is a "debt collector" as the term is defined and used in the FDCPA.  Stellar is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

**IV.    Facts**

5.      Donald Roberts had an account which he used to incur a debt for personal, family and household purposes.  Any resulting obligation of Donald Roberts to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6.      Donald Roberts allegedly defaulted on his obligation to pay the debt.

7.      The delinquent account and related, alleged debt were placed with Stellar for collection.

8.      Alternatively, Stellar purchased the delinquent account and related, alleged debt.

9.      Donald Roberts, his wife Nancy Roberts, his adult son Michael Roberts, and others, reside together in the same house in Kalamazoo, Michigan.

10.     The members of the Roberts household share a land line telephone and telephone answering machine.  The telephone service is in the name of Nancy Roberts.

11.     In March of 2015, Stellar placed one or more calls to the Roberts household telephone and left the following pre-recorded voice message on the Roberts household telephone

2

answering machine: "This call is from Stellar Recovery.  This call is from a debt collector and this is an attempt to collect a debt.  Any information obtained will be used for that purpose.  Please return the call to 855-700-8193."  The message was then repeated in Spanish.

12. Michael Roberts listened to the messages on the Roberts household telephone answering machine and heard the above-quoted message left by Stellar.

13. Michael Roberts responded to the above-quoted message left by Stellar on the Roberts household telephone answering machine by placing a call to Stellar at telephone number 855-700-8193.  In the ensuing conversation, the Stellar employee disclosed to Michael Roberts that Stellar had left the above-quoted message on the Robert household telephone answering machine in an effort to communicate with Donald Roberts, and in doing so, the Stellar employee disclosed to Michael Roberts that Stellar was attempting to collect a debt from Donald Roberts.

14. Stellar placed the above-described telephone calls to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine, in connection with efforts by Stellar to collect an alleged debt from Donald Roberts.

15. Stellar placed the above-described telephone calls to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine, in an effort to induce Donald Roberts to place a return telephone call to Stellar so that Stellar could continue in its efforts to collect an alleged debt from Donald Roberts.

16. Stellar placed the above-described telephone calls to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine, for the animating purpose of inducing Donald Roberts to pay an alleged debt.

17. The above-quoted message left by Stellar on the Roberts household telephone

answering machine was a "communication" as the term is defined and used in the FDCPA and MOC.

18. The above-described conversation between the Stellar employee and Michael Roberts was a "communication" as the term is defined and used in the FDCPA and MOC.

19. Michael Roberts communicated to Donald Roberts that Stellar had placed the above-described telephone calls to the Roberts household telephone and left the above-quoted message on the Roberts household telephone answering machine.

20. Michael Roberts communicated to Donald Roberts that Michael Roberts had spoken by telephone with the Stellar employee and that the Stellar employee had disclosed to Michael Roberts that Stellar had left the above-quoted message on the Robert household telephone answering machine in an effort to communicate with Donald Roberts.

21. Stellar did not obtain the prior consent of Donald Roberts to communicate with Michael Roberts in connection with the collection of the alleged debt.

22. Stellar did not obtain the prior consent of Donald Roberts to communicate to Michael Roberts that Stellar was attempting to collect a debt from Donald Roberts.

23. Donald Roberts has never given Stellar permission to speak with Michael Roberts regarding the alleged debt.

24. A debt collector may not communicate, in connection with the collection of a debt, with any person other than the consumer, except to acquire "location information" about the consumer.  15 U.S.C. § 1692b; 15 U.S.C. § 1692c(b).

25. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment."  15 U.S.C. § 1692a(7).

26. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt.  15 U.S.C. § 1692b(2).

27. The FDCPA states that a debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, "only if expressly requested, identify his employer."  15 U.S.C. § 1692b(1).

28. Stellar disclosed the name of its company in the recorded messages left by Stellar for Donald Roberts that were heard by Michael Roberts, without an express request for such information by Michael Roberts, violating the FDCPA.

29. Stellar placed the above-described telephone call and left the above-quoted, recorded message for Donald Roberts, knowing that message might be heard by someone other than Donald Roberts.

30. Stellar could have used other methods to communicate with Donald Roberts and avoid unlawfully disclosing to Michael Roberts or other third persons that Stellar was attempting to collect an alleged debt from Donald Roberts.

31. Stellar could have chosen to communicate with Donald Roberts by postal mail.

32. Stellar could have chosen to communicate with Donald Roberts by speaking directly with Donald Roberts by telephone.

33. Stellar could have chosen not to leave any recorded message for Donald Roberts on the Roberts household telephone answering machine.

34. Stellar could have chosen to have a live person make the telephone call to Donald Roberts and then use discretion regarding whether to leave a recorded message.  Instead, and to

save money, Stellar chose to use an auto-dialer to place the telephone call and left a pre-recorded and/or computer generated message on the Roberts household telephone answering machine, without regard for the privacy of Donald Roberts and without regard for the requirements of the FDCPA.

35. Stellar violated 15 U.S.C. § 1692c(b) by leaving a recorded message on the Roberts household telephone answering machine, which communicated to the listener that Stellar was a debt collector attempting to collect a debt from some unnamed person at the Roberts household, and requesting that the listener place a return telephone call to Stellar so that Stellar could then disclose to the listener the name of the person from whom Stellar was attempting to collect a debt. *Berg v. Merchants Association Collection Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

36. Stellar violated 15 U.S.C. § 1692c(b) by leaving a recorded message on the Roberts household telephone answering machine, which communicated to Michael Roberts that Stellar was a debt collector attempting to collect a debt from some unnamed person at the Roberts household and requested that Michael Roberts place a return telephone call to Stellar, which caused Michael Roberts to place a return telephone call to Stellar, at which time Stellar disclosed to Michael Roberts that the person from whom Stellar was attempting to collect a debt was Donald Roberts. *Berg v. Merchants Association Collection Division, Inc.,* 586 F.Supp. 1336 (S.D. Fla. 2008).

37. Stellar knowingly assumed the risk that its practice and procedure of leaving a pre-recorded and/or computer generated message on the Roberts household telephone answering machine could result in an unauthorized disclosure to some third party that Stellar was

attempting to collect a debt from Donald Roberts in violation of the FDCPA.

38. Stellar failed to maintain procedures reasonably adapted to avoid disclosing to a third party that a consumer owes a debt. Stellar left a recorded message for the consumer on a telephone answering machine, knowing it was possible that the message might be heard by someone other than the consumer.

39. Stellar failed to maintain procedures reasonably adapted to avoid disclosing to a third party such as Michael Roberts that Stellar was a debt collector attempting to collect an alleged debt from Donald Roberts.

40. The acts and omissions of Stellar and its employees done in connection with efforts to collect an alleged debt from Donald Roberts were done intentionally and wilfully.

41. Stellar and its employees intentionally and wilfully violated the FDCPA and MOC.

42. Stellar and its employees recklessly violated the FDCPA and MOC.

43. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.    Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

44. Plaintiff incorporates the foregoing paragraphs by reference.

45. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a) Defendant violated 15 U.S.C. § 1692b;

b) Defendant violated 15 U.S.C. § 1692c;

c) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt; and

d) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2 – Michigan Occupational Code

46. Plaintiff incorporates the foregoing paragraphs by reference.

47. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;

b) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

d)  Defendant violated M.C.L. § 339.919.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)  Actual damages pursuant to M.C.L. § 339.916(2);

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2);

d)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2); and

e)  Equitable relief pursuant to M.C.L. § 339.916(1).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: March 20, 2015                /s/ Phillip C. Rogers
                                      Phillip C. Rogers (P34356)
                                      Attorney for Plaintiff
                                      40 Pearl Street, N.W., Suite 336
                                      Grand Rapids, Michigan 49503-3026
                                      (616) 776-1176
                                      ConsumerLawyer@aol.com